UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JUSTIN E. CUEVAS,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-9405** |
| **CROSBY DREDGING, LLC,**<br>    **Defendant** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court are Objections[1] to the Order and Reasons[2] entered by the United States Magistrate Judge on May 9, 2019, filed by Defendant Crosby Dredging, LLC ("Crosby Dredging"). Crosby Dredging also moves to vacate the order or, in the alternative, to vacate the award of attorneys' fees.[3] The motion and objections are opposed.[4] For the following reasons, the Court **OVERRULES** Crosby Dredging's objections and **DENIES** its motion to vacate.

## BACKGROUND

On April 16, 2019, Plaintiff Justin E. Cuevas filed a motion to compel discovery, which was referred to the Magistrate Judge and set for submission on April 16, 2019.[5] At a telephone status conference with the Court on May 8, 2019, the Court ordered the parties to "meet to discuss resolution of the remaining issues" in the motion to compel by May 10, 2019.[6] On May 9, 2019, the Magistrate Judge issued an Order and Reasons

---

[1] R. Doc. 57.
[2] R. Doc. 49.
[3] R. Doc. 57-1.
[4] R. Doc. 58.
[5] R. Doc. 20.
[6] R. Doc. 48.

1

granting in part and denying in part Plaintiff's motion to compel and awarding Plaintiff attorneys' fees and costs.[7]

On May 23, 2019, Crosby Dredging filed the instant motion and objections.[8] Counsel for Crosby Dredging argues the Magistrate Judge's Order and Reasons contravenes this Court's order of May 8, 2019.[9] Crosby Dredging also argues "Plaintiff's Motion was not so well-founded or clear cut as to entitle him to attorneys' fees."[10] It requests that this Court set aside the Magistrate Judge's Order and Reasons or, in the alternative, vacate or limit the award of attorneys' fees.[11] Plaintiff opposes.[12]

## **LEGAL STANDARD**

Rule 72(a) of the Federal Rules of Civil Procedure provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.[13]

The objections in this case were timely. This Court reviews the Magistrate Judge's ruling to determine if it is clearly erroneous or contrary to law.

---

[7] R. Doc. 49.
[8] R. Doc. 57.
[9] R. Doc. 57-1 at 1.
[10] *Id.* at 4.
[11] *Id.* at 5.
[12] R. Doc. 58.
[13] FED. R. CIV. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) ("A magistrate judge's non-dispositive order may only be set aside if it is clearly erroneous or is contrary to law.") (citation and internal quotation omitted).

**ANALYSIS**

**I. The Magistrate Judge's Order and Reasons of May 9, 2019 did not contravene this Court's order of May 8, 2019.**

Crosby Dredging argues the Magistrate Judge's Order and Reasons contravened this Court's order during the telephone status conference on May 8, 2019.[14] During the conference, the Court ordered the parties to "meet to discuss resolution of the remaining issues" in the motion to compel by May 10, 2019.[15] The Magistrate Judge issued her Order and Reasons on May 9, 2019.[16] Crosby Dredging represents the parties conferred on May 10, 2019,[17] after the Magistrate Judge issued her ruling on the motion to compel. Crosby Dredging represents that, following that conference, it provided Plaintiff with all the information it was required to provide pursuant to the Magistrate Judge's ruling.[18]

Crosby Dredging cites no authority for the proposition that this Court's ordering the parties to attempt to resolve discovery issues renders erroneous the Magistrate Judge's ruling. Crosby Dredging also cites no authority for the proposition that its compliance with the Magistrate Judge's ruling renders her ruling erroneous. The Court has reviewed the Magistrate Judge's Order and Reasons and finds it does not contradict or contravene this Court's order of May 8, 2019. The Court overrules Crosby Dredging's objection to the Magistrate Judge's Order and Reasons on this basis and denies its motion to vacate the Order and Reasons.

---

[14] R. Doc. 571-1 at 1.
[15] R. Doc. 48.
[16] R. Doc. 49.
[17] R. Doc. 57-1 at 2.
[18] *Id.* at 3.

## II. The Magistrate Judge's award of attorneys' fees was not clearly erroneous or contrary to law.

In the instant motion, Crosby Dredging does not object to any of the Magistrate Judge's resolution of the discovery disputes.[19] Crosby Dredging contests only the Magistrate Judge's awarding Plaintiff attorneys' fees.[20] Crosby Dredging argues the Magistrate Judge denied Plaintiff's motion to compel with respect to four of the eleven issues in dispute and required only a verification for five of the remaining issues.[21] Plaintiff contests this characterization, arguing it prevailed on 21 of 26 issues in dispute.[22]

Rule 37(a)(5)(A) of the Federal Rules of Civil Procedure provides:

> If the motion [to compel] is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> **(iii)** other circumstances make an award of expenses unjust.[23]

In her Order and Reasons, the Magistrate Judge made the following findings regarding this requirement:

> Regarding the Plaintiff's good faith attempt to obtain the discovery without the Court's information, the Plaintiff has attached a Rule 37 Certificate stating that he has attempted to confer with the Defendant about the discovery matters to no

---

[19] *Id.*
[20] *Id.* at 4–5.
[21] *Id.* at 4.
[22] R. Doc. 58 at 3.
[23] FED. R. CIV. P. 37(a)(5)(A).

4

avail. R. Doc. 20-2, p. 1. Further, the Defendant has not otherwise objected to the Plaintiff's assertion that Rule 37 conference took place. As such, the Court finds that the Plaintiff has met Rule 37's good faith conferral requirement.

Regarding the opposing party's non-disclosure, the Court finds that, there was no genuine dispute because the Defendant provided a large amount of discovery only after the Plaintiff filed his motion. Moreover, the Court finds that no other circumstances exist that would make an award of fees unjust. As such, the Court grants the Plaintiffs request for attorney's fees incurred in bringing the motion.[24]

In the instant motion, Crosby Dredging does not address these findings. It does not contest Plaintiff's assertion that a Rule 37 conference took place. Nor does Crosby Dredging contest the Magistrate Judge's findings that it provided discovery only after Plaintiff filed his motion to compel. Crosby Dredging does not point to any other circumstances that would render an award of attorneys' fees unjust. Crosby Dredging has failed to show the Magistrate Judge's award of attorneys' fees was clearly erroneous or contrary to law. As a result, this Court overrules Crosby Dredging's objection to the Magistrate Judge's ruling on this basis and denies its motion to vacate the award of attorneys' fees.

## **CONCLUSION**

For the foregoing reasons, **IT IS ORDERED** that the Objections,[25] filed by Defendant Crosby Dredging, LLC, contesting the Order and Reasons[26] entered by the United States Magistrate Judge on May 9, 2019, be and hereby are **OVERRULED**.

---

[24] R. Doc. 49 at 17.
[25] R. Doc. 57.
[26] R. Doc. 49.

**IT IS FURTHER ORDERED** that the motion to vacate the Magistrate Judge's Order and Reasons, or, in the alternative, to vacate the award of attorneys' fees, filed by Defendant Crosby Dredging, LLC, be and hereby is **DENIED.**[27]

**New Orleans, Louisiana, this 29th day of May, 2019.**

                                                                       **SUSIE MORGAN**
                                        **UNITED STATES DISTRICT JUDGE**

---

[27] R. Doc. 57.