UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JUSTIN E. CUEVAS | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-9405 |
| CROSBY DREDGING, LLC, ET. al | SECTION: "E" (4) |

# ORDER

Before the Court is Plaintiff's **Motion to Fix Attorneys' Fees (R. Doc. 50).** The motion is opposed. R. Doc. 50. The motion was heard on the briefs.

## I. Factual Summary

This is a maritime personal injury action, whereby Plaintiff Justin E. Cuevas, ("Cuevas") a seaman who was assigned as a leverman to the Caroline Francis, suffered injuries when he fell while attempting to board the M/V Beau Andrew, a tender-boat with an allegedly unsteady tire-bumper system around the hull of the vessel. R. Doc. 1. On October 10, 2018, the Plaintiff filed suit asserting Jones Act and General Maritime Law claims (including claims of negligence and unseaworthiness) against Defendant Crosby Dredging, LLC ("Crosby Dredging") as the owner and operator of the Caroline Francis. Id. Later, after the motion was filed, the Plaintiff added Defendant Crosby Tugs, LLC ("Crosby Tugs") as the owner of the M/V Beau Andrew. R. Docs. 30 & 31.

This motion arises as a result of the granting of a Motion to Compel, for answers to various Interrogatories and Requests for Production of Documents. The Court found that the plaintiff was owed responses to many of the contested discovery and that there was no good cause for the defendant's failure to provide adequate responses to several discovery requests. This case however, has an additional twist. The Motion to Compel was filed on April 16, 2019 and an order was issued on May 9, 2019. A day before the ruling on the Motion to Compel, the District Judge held a status conference and verbally instructed the attorneys to resolve the issue. R. doc. 48. In the mean-time the undersigned issued her ruling which included the award of attorney's fees. The day after the order was issued, counsel for the defendant emailed to the plaintiff's attorney the supplemented discovery responses. Rec. doc. 53-2.

Defendant's counsel suggests that because the District Judge orally ordered them to resolve the discovery dispute that the undersigned's finding that responses were due in addition to attorney's fees should be reconsidered and reversed. The District Judges instruction is no different than the undersigned's ruling except that the motion remained pending and to be decided by me. As a result, the Court finds that the underlying order stands and will proceed with considering the appropriateness of the fee sought. Now plaintiff moves the Court to fix fees and costs against the defendants in the amount of $1,500.00.

**II      Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

---

[1] The twelve *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-19.

**II.     Analysis**

   **A. Reasonableness of the Hourly Rates**

Plaintiff seeks to recover the attorney's fees for work performed by plaintiff's counsel, Joshua Clatyon ("Clayton") on the Motion to Compel. The rate billed to the client was $250.00 an hour.

The defendants contend that they do not contest the reasonableness of the rate.  As indicated earlier, the defendants believe that no fee should be awarded when issue had been resolved.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community" for similar services by attorneys of reasonably comparable skills, experience, and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11.  However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n.15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.  *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

Plaintiff has attached an affidavit indicating that he has been practicing law since 2012 after graduating summa cum laude graduate from LSU Law Center.  Rec. doc. 50-2.  He previously served as a Judicial Law Clerk for the Honorable Cal Barbier of the United States District Court, Eastern District of Louisiana.  Id.

He states that he was an associate with a midsize law firm from 2012-2017. Id.   He is admitted to all federal court's in this circuit and has been working at the Clayton Firm since January 2018.   Id.

Where an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed.  When the customary billing rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328. In this case, there is no indication that rate sought is actually the customary billing rate.

Satisfactory evidence of the reasonableness of the rate, at a minimum, is more than the affidavit of the attorney performing the work. *Norman*, 836 F.2d at 1299 (citing *Blum,* 465 U.S. at 896 n .11)). It must also speak to rates actually billed and paid in similar lawsuits. Thus, mere testimony that a given fee is reasonable is not satisfactory evidence of market rates. *See Hensley,* 461 U.S. at 439 n. 15.

Joshua Clayton has been practicing law for seven years. The Court, in considering the rate charged in this market for the years of experience, finds that the rate of $195.00 is reasonable. *See also Creecy v. Metro. Prop. & Cas. Ins. Co.*, No. 06-9307, 2008 WL 553178, at *3 (E.D. La. Feb. 28, 2008) (Roby, J.) (Awarding $175.00 an hour to a lawyer who had practiced law for five (5) years and $200.00 an hour to an attorney with eleven (11) years of experience).

B. **Determining the Reasonable Hours Expended**

Clayton seeks compensation for four (4) hours of work on the motion. He submitted an affidavit but not contemporaneous billing records for the court's review.   His affidavit indicates that he drafted the motion memo and certificate as well as compiled the exhibits to the motion.   He states that he likely spent six hours but in exercising billing judgment only seeks four hours.   Clayton also contends that he spent two (2) hours working on the reply memorandum.

The defendants contend that if the Court is inclined to award a fee that it should be discounted by 1/3 because the plaintiff was not completely successful on the entirety of the motion.   The defendants further

contend that plaintiff should not be compensated with attorneys' fees in connection with his reply memorandum because it was not filed until after the defendants supplemented their discovery responses.

The Court finds that the award of 4 hours for work on the motion is reasonable. The Court further will disallow the work performed on the reply memorandum which took approximately two (2) hours. Therefore, the reasonable fee for filing the motion is $780.00.

    **C**. **Johnson Factors**

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). After considering the *Johnson factors*, the Court finds no adjustment of lodestar is warranted.

**III.** **Conclusion**

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion for Attorney's Fees (R. Doc. 50)** is **GRANTED** and that the Plaintiff is awarded reasonable attorney's fees in the amount of **$780.00.**

**IT IS FURTHER ORDERED** that Defendants and their counsel shall satisfy their obligation to the Plaintiff **no later than twenty-one (21) days** after the signing of this order.

    New Orleans, Louisiana, this 7th day of June 2019.

    **KAREN WELLS ROBY**
    **UNITED STATES MAGISTRATE JUDGE**